UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T͟ERRY S͟HELDON,

            Petitioner,

v.

U͟NITED S͟TATES OF A͟MERICA,

            Respondent.
_____/

Criminal Case No. 10-20171
Civil Case No. 16-12154

S͟ENIOR U͟NITED S͟TATES D͟ISTRICT
J͟UDGE A͟RTHUR J. T͟ARNOW

**O͟RDER D͟ENYING M͟OVANT'S M͟OTION TO C͟ORRECT AND/OR V͟ACATE S͟ENTENCE
P͟URSUANT TO 28 U.S.C. § 2255 [42]; G͟RANTING C͟ERTIFICATE OF
A͟PPEALABILITY**

On April 7, 2010, Petitioner Terry Sheldon was charged via indictment [7] with one count of being a felon in possession and armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At the time of his indictment, Mr. Sheldon had been convicted of a number of possible Armed Career Criminal Act ("ACCA") predicate offenses, including attempted armed robbery, armed robbery, and manslaughter. Mr. Sheldon pled guilty on August 16, 2010. The Court sentenced Mr. Sheldon to 180 months' imprisonment (15 years) on February 4, 2011 and Judgment [38] was entered on February 14, 2011.

Mr. Sheldon timely filed this Motion to Correct and/or Vacate Sentence under 28 U.S.C. § 2255 [42] on June 13, 2016. Mr. Sheldon argues that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)

(*Johnson 2015*), four of his five prior convictions no longer qualify as predicates under the ACCA, and he is therefore being held in violation of the U.S. Constitution.

Mr. Sheldon's criminal history contains the following five possible ACCA predicate offenses: 1) a 1972 Attempted Armed Robbery conviction; 2) a 1973 Escape from Custody conviction; 3) a 1975 Armed Robbery conviction; 4) a 1981 Armed Robbery Conviction; and 5) a 1991 Voluntary Manslaughter conviction. The parties agree that Mr. Sheldon's Escape from Custody conviction does not qualify as a predicate offense under the ACCA, and that Mr. Sheldon's Voluntary Manslaughter conviction does qualify as a predicate offense under the ACCA. Accordingly, the Court will focus its attention on Mr. Sheldon's two Armed Robbery convictions and his Attempted Armed Robbery conviction.

## LEGAL STANDARD

To succeed on a motion to vacate, set aside, or correct sentence, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "To prevail on a claim of constitutional error, a prisoner 'must demonstrate the existence of an error of constitutional magnitude which had a

substantial and injurious effect' on the proceedings." *Fairley v. United States*, No. 12-CR-20786, 2017 WL 2535462, at *1 (E.D. Mich. June 12, 2017) (quoting *Hamblen v. United States*, 591 F.3d 471, 473 (6th Cir. 2009)).

## ANALYSIS

The ACCA imposes a mandatory 15-year sentence on a felon-in-possession conviction if the defendant has three prior convictions for "violent felonies" and/or "serious drug offenses." 18 U.S.C. § 924(e)(1). An offense punishable by imprisonment for a term of at least one year may qualify as a "violent felony" under the ACCA in three ways. First, under the force or elements clause, the crime is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Second, under the enumerated offenses clause, the crime is a "violent felony" if it is burglary, arson, extortion, or use of explosives. Third, under the residual clause, the crime is a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The *Johnson* Court recently determined that the residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 at 2563.

The phrase "physical force" in the elements clause, unlike the term "force" in the common law definition of battery, does not encompass all offensive touching. *Johnson v. United States*, 559 U.S. 133, 139 (2010) (*Johnson 2010*).

Instead, the elements clause refers only to "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

Mr. Sheldon and the Government agree that the 1991 Voluntary Manslaughter conviction qualifies as an ACCA predicate. The issue in this case, therefore, is whether Mr. Sheldon's Armed Robbery and Attempted Armed Robbery convictions constitute violent felonies. That is, the Court must use the elements clause of the ACCA to determine whether these offenses have "as an element, the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "If the statute requires proving that someone used, attempted, or threatened to use physical force against another, it satisfies the elements clause even if the statute does not match the elements clause word for word." *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017) (citing *United States v. Gloss*, 661 F.3d 317, 319 (6th Cir. 2011)).

Two principles govern the Court's inquiry. First, when interpreting Michigan's armed robbery statute, the Court must apply Michigan law. *See United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014). Second, the Court must apply "a 'categorical' approach to determining whether an offense is a crime of violence, 'looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990).

At the time of Mr. Sheldon's convictions for armed robbery in 1975 and 1981, the armed robbery statute provided:

> Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony . . .

M.C.L. § 750.529. The essential elements of the crime were: "(1) that an assault was committed by defendant upon the complainant; (2) that the defendant feloniously took any property which might be the subject of larceny from the complainant or in his presence; and (3) that the defendant was armed with a weapon described in the statute."[1] *People v. Karasek*, 63 Mich. App. 706, 710 (Ct. App. Mich. 1975).

Mr. Sheldon contends that, at the time of his convictions in 1975 and 1981, the level of force necessary to qualify as Michigan armed robbery was simple assault, which requires "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v. Gardner*, 402 Mich. 460, 479 (1978). The Government disputes

---

[1] The weapon described in the statute is "a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon." *People v. Needham*, 8 Mich. App. 679, 682 (Ct. App. Mich. 1967). "Dangerous weapon" refers to "(1) a weapon designed to be dangerous and capable of causing death or serious injury (e.g., a loaded gun) or (2) any other object capable of causing death or serious injury that the defendant used as a weapon (e.g, a screwdriver used as a knife)." *People v. Norris*, 236 Mich.App. 411, 415 (1999).

this and argues that 'assault' in the context of the Michigan armed robbery statute refers to felonious assault rather than simple assault.

Michigan case law directly refutes Petitioner's position. In *Karasek*, the defendant was charged with armed robbery. On appeal, the defendant argued that the trial court erred in denying his request for an instruction to the lesser included offense of assault and battery. The court determined that the defendant failed to present evidence "that would justify an instruction on simple assault and battery." *Karasek*, 63 Mich. App. at 715. "The fact that the defendant was armed at the time of the incident" necessarily meant that "any assault committed would be at least felonious assault . . . and not simple assault." *Id.* Similarly, in *People v. Mitchell*, 61 Mich. App. 153, 161-62 (1975), the Michigan Court of Appeals upheld the trial court's jury instruction regarding the offense of armed robbery. That instruction defined assault "as an attempt or offer, with force and violence, to do corporal hurt to another, with a present ability to carry the intention into effect." A nearly identical instruction was given – and affirmed as proper – in a case in which the defendant was charged with *unarmed* robbery. *See People v. Fry*, 55 Mich. App. 18, 25-26 (1974) ("An assault is defined as an attempt with force or violence to commit an injury to the body or another or place him in fear with the apparent ability to carry it out."). The Sixth Circuit has also applied this definition of assault in finding that Michigan armed robbery "involves the use of force and hence

qualifies as a violent felony under 18 U.S.C. § 924(e)." *United States v. Curtsinger*, 1993 WL 424842, at *22 (6th Cir. 1993) ("Under Michigan law, an assault is defined as any intentional unlawful offer of corporal injury to another person by force or force unlawfully directed toward the person of another, under circumstances creating the apprehension of imminent contact, coupled with an apparent ability to accomplish the contact.") (citing *Espinoza v. Thomas*, 472 N.W.2d 16, 21 (Mich. Ct. App. 1991)).

In a recent unpublished decision, the Sixth Circuit implicitly recognized that a felony conviction for Michigan armed robbery meets the definition of a violent felony for the purposes of the ACCA. *See United States v. Matthews*, 2017 WL 1857265, at *5 (6th Cir. May 8, 2017) (Merritt, J., dissenting) (it was undisputed that the defendant's two felony convictions, one of which was for armed robbery, met the definition of "violent felony."). Several courts in this district have since held that Michigan armed robbery constitutes a violent felony under the ACCA. *See Reliford v. United States*, No. 11-20158, 2018 WL 783094, at *3 (E.D. Mich. Feb. 7, 2018); *United States v. Spicer*, No. 15-20162, 2017 WL 3328147, at *3 (E.D. Mich. Aug. 4, 2017) ("Because a conviction for armed robbery inherently requires that the elements of robbery be satisfied, the Sixth Circuit's reasoning in *Matthews* applies. Armed robbery is thus a qualifying violent felony under the ACCA's elements clause."); *United States v. Jackson*, No. 10-20435, 2017 WL

2834741, at *2 (E.D. Mich. Apr. 27, 2017) (explaining that *Johnson 2015* did "nothing to change the applicability of the ACCA to [petitioner's] predicate offenses," including his 1985 armed robbery conviction).

In the Court's view, it is clear that Michigan armed robbery qualifies as an ACCA predicate offense. Because Mr. Sheldon has three prior felony convictions that qualify as predicates under the ACCA – the 1991 Voluntary Manslaughter and the 1975 and 1981 Armed Robbery Convictions – his sentence was proper. There is also no need to evaluate Mr. Sheldon's Attempted Armed Robbery conviction.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence [42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner is **GRANTED** a certificate of appealability because "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 9, 2018          Senior United States District Judge